THOMAS E. MONTGOMERY, County Counsel
County of San Diego
By MELISSA M. HOLMES, Senior Deputy (SBN 220961)
    ALEXA F. KATZ, Deputy (SBN 317968)
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone:  (619) 531- 5836
E-mail: melissa.holmes@sdcounty.ca.gov

Attorneys for Defendants County of San Diego, Carlos Esquer, and Anthony Mehalik

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HUDLOW,<br><br>            Plaintiffs,<br><br>       v.<br><br>COUNTY OF SAN DIEGO; DEPUTY ANTHONY MEHALIK, DEPUTY CARLOS ESQUER; and DOES 1-10<br><br>            Defendants. | No. __'18 CV 2826 CAB WVG__<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF STATE COURT ACTION PURSUANT TO 28 U.S.C. SECTION 1441(a), 28 U.S.C. SECTION 1331 (FEDERAL QUESTION)**<br><br>**JURY TRIAL DEMANDED** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFFS:**

**PLEASE TAKE NOTICE** that Defendants, County of San Diego ("County"), Deputy Anthony Mehalik, and Deputy Carlos Esquer, hereby remove the state court action described below from the Superior Court of California for the County of San Diego, Central Division to this Court.

## I.    PROCEDURAL HISTORY

1.    On  November 20, 2018, Plaintiff , James Hudlow filed his Second Amended Complaint in the Superior Court of California, County of San Diego, alleging several claims under 42 USC § 1983 entitled *James Hudlow, vs. County Of San Diego; Deputy Anthony Mehalik, Deputy Carlos Esquer; And Does 1-10*, Case No. 37-2018-

00010124-CU-CR-NC. A true and correct copy of the Second Amended Complaint is attached hereto as Exhibit A.

2.      Plaintiff names as Defendants, "The County of San Diego, Deputy Anthony Mehalik, Deputy Carlos Esquer; And Does 1-10."

3.      Prior to serving the Second Amended Complaint, Plaintiff, who was in pro per, filed two prior complaints.  Neither of the prior complaints alleged federal civil rights claims. A true and correct copy of the prior complaints and related documents are attached hereto as Exhibits B and C.

4.      Plaintiff retained the Lipeles Law Group APC and filed a substitution of attorney on October 12, 2018. A true and correct copy is attached hereto as Exhibit D.

5.      Plaintiff served Deputy Mehalik and Deputy Esquer with Summons and the original Complaint on July 3, 2018.  See Exhibit C attached hereto.

6.      Plaintiff served the County with the Summons and Second Amended Complaint on November 27, 2018.

7.      A Case Management Conference took place on October 26, 2018 and Defendants specially appeared. See Exhibit E attached hereto.

## II.      **<u>JURISDICTION AND VENUE</u>**

8.      Plaintiff alleges, for the first time in his Second Amended Complaint that Defendants deprived him of his civil rights under 42 U.S.C. § 1983 as well as his rights under the Americans with Disability act. [Ex. A.]  Thus, this Court has original jurisdiction of this case pursuant to 28 U.S.C. § 1331, as well as removal jurisdiction over this case pursuant to 28 U.S.C. §§ 1441(a).

9.      Venue is proper in this Court pursuant to, 28 USC § 84(d), 28 U.S.C. § 1441(a) because this case was pending in the Superior Court of California, County of San Diego,  Central Division which is located within the Southern District of California.

## III.      **<u>PROCEDURAL COMPLIANCE</u>**

10.      Plaintiff served the County with this Second Amended Complaint on November 27, 2018. [*See* Ex. A at p. 3.]

11.     Defendants filed this Notice of Removal within 30 days of Defendants receiving the Second Amended Complaint.  28 U.S.C. § 1446(b)(1).

12.     Pursuant to 28 U.S.C. § 1446A, a "copy of all process, pleadings, and orders served upon" Defendants in the state court action are attached hereto as Exhibits A, B, C, D, and E.

13.     Defendants will serve a copy of this Notice on Plaintiff.  Defendants will also file a copy of this notice in the Superior Court of California, County of San Diego, Central Division.

## IV.   **<u>CONCLUSION</u>**

14.     Defendants respectfully request the state court action described above be removed to this Court.

DATED: December 17, 2018          THOMAS E. MONTGOMERY, County Counsel

By: s/MELISSA M. HOLMES, Senior Deputy
Attorneys for Defendants County of San Diego,
Deputy Carlos Esquer, and Anthony Mehalik

# Exhibit A

1  Kevin A. Lipeles (Bar No. 244275)
   Thomas H. Schelly (Bar No. 217285)
2  Andrew T. Magaline (Bar No. 290413)
   LIPELES LAW GROUP, APC
3  880 Apollo Street, Suite 336
   El Segundo, California 90245
4  Telephone: (310) 322-2211
   Fax: (310) 322-2252
5  kevin@kallaw.com
   thomas@kallaw.com
6  atmagaline@atmesq.com

7
   Attorneys for Plaintiff,
8  James Hudlow

9
                    **SUPERIOR COURT OF CALIFORNIA**
10
                        **COUNTY OF SAN DIEGO**
11

12  JAMES HUDLOW, an individual,          Case No.37-2018-00006324-CU-PO-CTL

13              Plaintiff,                 *Assigned to Hon. Richard L. Strauss, Dept. 75*
                                           *for all purposes*
14         v.
                                          **SECOND AMENDED COMPLAINT**
15  COUNTY OF SAN DIEGO; DEPUTY
    ANTHONY    MEHALIK;   DEPUTY           1.  42 USC §1983 – Unlawful Detention
16  CARLOS ESQUER; and DOES 1-10,             and Arrest;
                                           2.  42 USC §1983 – Excessive Force;
17                                         3.  42 USC §1983 – Municipal Liability,
               Defendants.                     Ratification;
18                                         4.  42 USC §1983 – Municipal Liability,
                                               Failure to Trail;
19                                         5.  42 USC §1983 – Municipal Liability,
                                               Unconstitutional Custom or Policy;
20                                         6.  Violation of Americans with
                                               Disabilities Act.
21
                                          UNLIMITED CIVIL > $25,000
22                                        JURY TRIAL DEMANDED

23

24                           **COMPLAINT FOR DAMAGES**

25        Plaintiff James Hudlow, for his Complaint against Defendants County of San Diego, Deputy

26  Anthony Mehalik, and Deputy Carlos Esquer, and DOES 1 - 10, inclusive, alleges as follows:

27  ///

28  ///

                                    - 1 -

Exhibit A

COUNTY OF SAN DIEGO

2018 NOV 27  PM 2: 27

CLERK OF THE BOARD
OF SUPERVISORS

Over the Counter
Board Assistant

RECEIVED
COUNTY COUNSEL

2018 NOV 27  PM 2: 21

COUNTY OF SAN DIEGO

Exhibit A

**INTRODUCTION**

1.     This civil rights and ADA action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution in connection with the officer-involved detention/arrest and use of force upon Plaintiff JAMES HUDLOW ("HUDLOW") on September 21, 2016.

**PARTIES**

2.     At all times herein mentioned, Plaintiff HUDLOW was a United States Citizen over the age of eighteen individual residing in San Diego County, California.

3.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendant COUNTY OF SAN DIEGO ("COUNTY") was a municipal entity and a duly organized governmental agency that is regulated, controlled, and governed by its charter in the State of California. It is not an arm of the State of California for Eleventh Amendment purposes.

4.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendant COUNTY was the employer of Defendants DEPUTY ANTHONY MEHALIK (#1124) ("MEHALIK"), and DEPUTY CARLOS ESQUER (#3756) ("ESQUER") and DOES 1-5 ("DOE OFFICERS") who were County of San Diego Sheriff's Office deputies, and DOES 6-10, who were managerial, supervisorial, and policy making employees of COUNTY. At all relevant times, Defendants were residents of San Diego, California, and were working generally in the County of Los Angeles, California. MEHALIK, ESQUER and DOES 1-10 were employed by Defendant COUNTY and were acting within the course and scope of their employment with Defendant COUNTY and with authority as such agents and employees and with the consent and ratification of their co-Defendants and COUNTY.

5.     At all relevant times, Defendants MEHALIK, ESQUER and DOE OFFICERS were duly authorized employees of agent of the COUNTY, who were acting under the color of law within the course and scope of their respective duties as San Diego County Sheriff's Office deputies and with complete authority and ratification of their principal, Defendant COUNTY.

6.     At all relevant times, Defendants DOES 6-10 were duly appointed supervising deputies and/or employees or agents of the COUNTY, subject to oversight and supervision by

- 2 -
SECOND AMENDED COMPLAINT

Exhibit A

1 | COUNTY's elected and non-elected officials.

2 |     7.     The true names and capacities, whether corporation, associate, individual, or

3 | otherwise, of Defendants DOES 1-10 are unknown to Plaintiff, who therefore sues said Defendants

4 | by such fictitious names. Each of the Defendants designated herein as a DOE is negligently or

5 | otherwise legally responsible in some manner for the events and happenings herein referred to, and

6 | caused injuries and damages proximately thereby to Plaintiff, as herein alleged.  Plaintiff will ask

7 | leave of Court to amend this Complaint to show their names and capacities when they have been

8 | ascertained.

9 |     8.     At all times herein mentioned, Defendants were the agents, servants, and employees

10 | of each other, and at all times relevant hereto were acting within the course and scope of their

11 | authority as agents, servants, and/or employees and acting on the implied and actual permission and

12 | consent of the COUNTY.

13 | **JURIDSICTION AND VENUE**

14 |     9.     This civil action is brought for the redress of alleged deprivations of constitutional

15 | rights as protected by 42 USC §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth

16 | Amendments of the United States Constitution. Jurisdiction is founded on 28 USC §§ 1331, 1343.

17 | Such redress may be sought in either state or federal court.

18 |     10.     Venue is proper in this Court because Plaintiff and Defendants reside in, and all

19 | incidents, events, and occurrences giving rise to this action occurred in the County of San Diego,

20 | State of California.

21 | **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

22 |     11.     Plaintiff repeats and realleges each of the allegations set forth above.

23 |     12.     On September 21, 2016, at approximately 4:00 am Plaintiff HUDLOW was down

24 | Encinitas Blvd, away from highway 101, towards his home. The night was wet and rainy and

25 | Plaintiff was attempting to get home safely.  Encinitas Blvd was the most direct and well-lit path to

26 | Plaintiff's home.

27 |     13.     As Plaintiff approached the top of Encinitas Blvd at approximately Balour Drive,

28 | Plaintiff noticed that deputies had a vehicle pulled over at the intersection of Encinitas Blvd and El

Exhibit A

1  Camino Real. The deputies were on the opposite side of the street from Plaintiff.

2      14.    Plaintiff could tell that the Deputies noticed him as he was approaching from

3  approximately one-half mile away on a well-lit road.

4      15.    Plaintiff continued walking and pressed the cross-walk button and waited for the

5  signal to change before safely crossing. After walking approximately one quarter mile down the

6  other side of Encinitas Blvd, Plaintiff was approached quickly and forcefully by two police or

7  sheriff's vehicles occupied by Deputy MEHALIK and Deputy ESQUER.

8      16.    Startled by the speed with which the vehicles approach, Plaintiff stopped and the

9  deputies approached Plaintiff. Plaintiff asked the deputies if he could assist them, and inquired as to

10  whether there was something wrong in the area that he should know about concerning his own

11  safety.

12      17.    The deputies immediately grabbed Plaintiff's hands and began interrogating him.

13  The deputies asked to search Plaintiff but Plaintiff denied the request.

14      18.    Plaintiff immediately informed the deputies, including Deputy MEHALIK and

15  Deputy ESQUER, that he was disabled and was not in physical shape to be forced to have his hands

16  behind his back. The deputies asked Plaintiff why he could not perform the task. As Plaintiff began

17  to demonstrate his limitation the deputies grabbed Plaintiff's arms and handcuffed him without

18  reasonable suspicion or probable cause.

19      19.    Plaintiff immediately told the Deputies how much pain he was in due to having his

20  arms forced behind his back and handcuffed. When Plaintiff complained about the pain the Deputies

21  were causing him, the Deputies became even more aggressive with Plaintiff.  The Deputies

22  including Deputy MEHALIK and Deputy ESQUER said that "everyone claims to be disabled".

23      20.    After being detained without reasonable suspicion, the Deputies continued to

24  interrogate Plaintiff and search Plaintiff's property without probable cause.  Plaintiff was detained

25  without reasonable suspicion or probable cause for more than 45 minutes, leading to his *de facto*

26  *arrest*.

27      21.    Upon realizing that Plaintiff had done nothing wrong, and was breaking no laws,

28  Defendants let Plaintiff out of the handcuffs.

Exhibit A

22.     Deputy MEHALIK was violent and abusive with Plaintiff when releasing him from the handcuffs. Deputy MEHALIK violently twisted and pulled both of Plaintiff's shoulders out of their sockets as he released Plaintiff. Deputy MEHALIK told Plaintiff it would only take a second.

23.     Plaintiff begged to please let him turn around, but Deputy MEHALIK shoved Plaintiff to the ground and continued to twist and pull on Plaintiff's arms. Even though Plaintiff was crying in excruciating pain, Deputy MEHALIK and Deputy ESQUER told Plaintiff that he would be fine tomorrow.

24.     After being violently released, Plaintiff walked a few steps towards his home and asked Deputy MEHALIK and Deputy ESQUER if he could please go to the hospital.

25.     The Deputies refused Plaintiff's request and looked at him with anger and disgust. Plaintiff was fearful of the look the deputies gave him and decided to go home as quickly as possible so that he could get medical assistance on his own.

26.     During the entire encounter Plaintiff was unarmed and did not pose any threat, actual or perceived, to the Deputies. Deputies knew Plaintiff had not broken any laws and that they had no reasonable suspicion to detain him or probable cause to arrest him.

27.     Despite a reasonable request to the deputies not to put his arms behind his back due to a disability, the deputies disregarded Plaintiff's request and intentionally caused Plaintiff to suffer severe physical pain and injuries requiring medical attention.

28.     As a direct result of Defendants' unjustified detention and arrest of Plaintiff, Defendants' unjustified refusal to accommodate Plaintiff's disability, and Defendants' violent uses of force against Plaintiff, Plaintiff experienced severe physical pain from his shoulders being pulled and twisted from their sockets, and suffered other severe physical and emotional injuries that required medical attention. Further, Plaintiff has lost employment opportunities due to the injuries he suffered and has incurred medical expenses and will continue to incur medical expenses as he continues to treat and rehabilitate the injuries caused by Defendants' actions.

## FIRST CLAIM FOR RELIEF

### Unreasonable Search and Seizure – Excessive Force (42 USC § 1983)

### (Against Defendants MEHALIK and ESQUER, and DOE OFFICERS)

Exhibit A

29.     Plaintiff HUDLOW repeats and realleges each of the allegations set forth above.

30.     Defendants Deputy MEHALIK and ESQUER, and DOE OFFICERS unjustified use of a force upon Plaintiff deprived HUDLOW of his right to be secure in his person against unreasonable searches and seizures as guaranteed to HUDLOW under the Fourth Amendment to the United States Constitution as applied to state actors by the Fourteenth Amendment.

31.     As a result of the foregoing, HUDLOW suffered serious physical and emotional injuries.

32.     The uses of force were excessive and unreasonable, especially because HUDLOW was unarmed and Defendants perceived no immediate threat of death or serious bodily injury at the time of the uses of force.

33.     The conduct of Defendants MEHALIK and ESQUER, and DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of TURNER, and therefore warrants the imposition of exemplary and punitive damages as to individual Defendants MEHALIK, ESQUER, and DOE OFFICERS.

34.     As a result of their misconduct, Defendants MEHALIK and ESQUER, and DOE OFFICERS are liable for HUDLOW's injuries, either because they were integral participants in the excessive uses of force, or because they failed to intervene to prevent these violations.

35.     Plaintiff also seeks attorney's fees under this claim.

### SECOND CLAIM FOR RELIEF

**Unlawful Detention & Arrest (42 USC § 1983)**

**(Against Defendants MEHALIK and ESQUER, and DOE OFFICERS)**

36.     Plaintiff HUDLOW repeats and realleges each of the allegations set forth above.

37.     Defendants Deputy MEHALIK and ESQUER, and DOE OFFICERS detained Plaintiff without reasonable suspicion or probable cause. The unlawful detention extended for an extended period of time such that it became a de facto arrest.

38.     Defendants Deputy MEHALIK and ESQUER, and DOE OFFICERS unlawful detention and arrest of Plaintiff deprived HUDLOW of his right to be secure in his person against unreasonable searches and seizures as guaranteed to HUDLOW under the Fourth Amendment to

Exhibit A

1  the United States Constitution as applied to state actors by the Fourteenth Amendment.

2      39.    As a result of the foregoing, HUDLOW suffered serious physical and emotional

3  injuries.

4      40.    The detention and arrest was unreasonable, especially Defendants MEHALIK and

5  ESQUER, and DOE OFFICERS knew or should have known that HUDLOW had not committed a

6  crime and was not about to commit any crime.

7      41.    The conduct of Defendants MEHALIK and ESQUER, and DOE OFFICERS was

8  willful, wanton, malicious, and done with reckless disregard for the rights and safety of HUDLOW,

9  and therefore warrants the imposition of exemplary and punitive damages as to individual

10  Defendants MEHALIK, ESQUER, and DOE OFFICERS.

11      42.    As a result of their misconduct, Defendants MEHALIK and ESQUER, and DOE

12  OFFICERS are liable for HUDLOW's injuries, either because they were integral participants in the

13  excessive uses of force, or because they failed to intervene to prevent these violations.

14      43.    Plaintiff also seeks attorney's fees under this claim.

15                          **THIRD CLAIM FOR RELIEF**

16              **Municipal Liability – Ratification (42 USC § 1983)**

17                  **(Against Defendants COUNTY and DOES 6-10)**

18      44.    Plaintiff HUDLOW repeats and realleges each of the allegations set forth above.

19      45.    Defendants MEHALIK and ESQUER, and DOE OFFICERS acted under color of

20  law.

21      46.    The acts of Defendants MEHALIK and ESQUER, and DOE OFFICERS deprived

22  Plaintiff of his particular rights under the United States Constitution.

23      47.    Upon information and belief, a final policymaker, acting under color of law, who had

24  final policymaking authority concerning the acts of Defendants MEHALIK and ESQUER, and DOE

25  OFFICERS, ratified (or will ratify) Defendants MEHALIK and ESQUER, and DOE OFFICERS'

26  acts and the bases for them.  Upon information and believe, the final policymaker knew of and

27  specifically approved of (or will approve of) Defendants MEHALIK and ESQUER, and DOE

28  OFFICERS' acts.

Exhibit A

48.     Upon information and believe, a final policymaker has determined (or will determine) that the acts of Defendants MEHALIK and ESQUER, and DOE OFFICERS were "within policy."

49.     By reason of the aforementioned acts and omissions, Plaintiff was injured, the aforementioned acts and omissions also cause Plaintiff's injuries.

50.     Accordingly, Defendants COUNTY and DOES 6-10 each are liable to Plaintiff for compensatory damages under 42 USC § 1983.

51.     Plaintiff seeks attorney's fees under this claim.

### FOURTH CLAIM FOR RELIEF

**Municipal Liability – Failure to Train (42 USC § 1983)**

**(Against Defendants COUNTY and DOES 6-10)**

52.     Plaintiff HUDLOW repeats and realleges each of the allegations set forth above.

53.     Defendants MEHALIK and ESQUER, and DOE OFFICERS acted under color of law.

54.     The acts of Defendants MEHALIK and ESQUER, and DOE OFFICERS deprived Plaintiff of his particular rights under the United States Constitution.

55.     The training policies of Defendant COUNTY were inadequate to train its officers to handle the usual and recurring situation with which they must deal.

56.     Defendant COUNTY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

57.     The failure of Defendants COUNTY to provide adequate training caused the deprivation of Plaintiff's rights by Defendants MEHALIK and ESQUER, and DOE OFFICERS that is, the defendants' failure to train is so closely relate to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

58.     By reason of the aforementioned acts and omissions, Plaintiff was injured. The aforementioned actions and omissions also caused Plaintiff's injuries.

59.     Accordingly, Defendants COUNTY and DOES 6-10 each are liable to Plaintiff for compensatory damages under 42 USC § 1983.

Exhibit A

60.    Plaintiff also seeks attorney's fees under this claim.

**FIFTH CLAIM FOR RELIEF**

**Municipal Liability – Unconstitutional Custom or Policy (42 USC § 1983)**

**(Against Defendants COUNTY and DOES 6-10)**

61.    Plaintiff HUDLOW repeats and realleges each of the allegations set forth above.

62.    Defendants MEHALIK and ESQUER, and DOE OFFICERS acted under color of law.

63.    Defendants MEHALIK and ESQUER, and DOE OFFICERS acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant COUNTY.

64.    On information and belief, Defendants MEHALIK and ESQUER, and DOE OFFICERS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with Plaintiff's injuries.

65.    Defendants MEHALIK and ESQUER, and DOE OFFICERS, together with other COUNTY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

a.   Using excessive force, including repeated use of electronic control devices;

b.   Providing inadequate training regarding the use of force and the repeated use of electronic control devices;

c.   Employing and retaining as officers individuals such as Defendants MEHALIK and ESQUER, and DOE OFFICERS whom Defendant COUNTY at all time material herein know or reasonable should have known had dangerous propensities for abusing their authority and for using excessive force;

d.   Inadequately supervising, training, controlling, assigning, and disciplining COUNTY deputies, and other personnel, including Defendants MEHALIK and ESQUER, and DOE OFFICERS, whom Defendant COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

e.   Maintaining grossly inadequate procedures for reporting, supervising, investigating,

- 9 -

Exhibit A

reviewing, disciplining, and controlling misconduct by COUNTY officers;

f. Failing to adequately discipline COUNTY officers for the above referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

g. Announcing that unjustified and excessive uses of force, including repeated use of electronic control devices are "within policy" including uses of force that were later determined in court to be unconstitutional;

h. Even where uses of force are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

i. Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," blue wall," "blue curtain," "Blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes.  Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing; and

j. Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police uses of excessive force, including but not limited to excessive uses of electronic control devices, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in the excessive uses of force against unarmed people.

66.     By reason of the aforementioned acts and omissions of Defendants COUNTY and DOES 6-10, Plaintiff was injured.

67.     Defendants COUNTY and DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, these defendants condoned, tolerated, and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences

- 10 -
SECOND AMENDED COMPLAINT

Exhibit A

1 of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly
2 situated.

3      68.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and
4 other wrongful acts, DOES 6-10 acted with intentional, reckless, and callous disregard for the life
5 of Plaintiff and Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs
6 implemented, maintained, and still tolerated by Defendants COUNTY and DOES 6-10 were
7 affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff.

8      69.     On information and belief, the aforementioned acts were willful, wanton, malicious,
9 and oppressive thereby justifying the awarding of exemplary and punitive damages as to DOE
10 SUPERVISORS.

11      70.     Accordingly, Defendants COUNTY and DOES 6-10 each are liable to Plaintiff for
12 compensatory damages under 42 USC §1983.

13      71.     Plaintiff also seeks attorney's fees under this claim.

14 **SIXTH CLAIM FOR RELIEF**

15 **Violation of Americans with Disabilities Act**

16 **(Against Defendants COUNTY)**

17      72.     Plaintiff HUDLOW repeats and realleges each of the allegations set forth above,
18 except for any and all allegation of intentional, malicious, extreme, outrageous, wanton, and
19 oppressive conduct by defendants, and any and all allegations requesting punitive damages.

20      73.     Plaintiff alleges as a cause of action that Defendant COUNTY violated the
21 Americans with Disabilities Act ("ADA") by failing to provide HUDLOW with any reasonable
22 accommodation to his known qualifying disability in their actions with Plaintiff HUDLOW on the
23 day of his encounter with Defendants and each of them.

24      74.     As a providers of governmental services, Defendant COUNTY had a duty to comply
25 with Title II of the ADA prohibiting discrimination against persons with disabilities, a history of
26 having disabilities, or who are perceived to have a disability. On the date and time herein alleged,
27 Plaintiff HUDLOW was injured and informed Defendants of his injury and limitations. Accordingly
28 Plaintiff met the eligibility for application of the ADA.

- 11 -
Exhibit A

75.    As a direct and proximate result of Defendants' violation of the ADA set forth above, HUDLOW incurred substantial emotional and physical harm.

76.    Plaintiff also seeks attorney's fees under this claim.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment in his favor and against Defendants County of San Diego, Deputy Anthony Mehalik, and Deputy Carlos Esquer, and DOES 1 - 10, inclusive, as follows:

A.  For compensatory damages under federal and state law, in an amount to be proven at trial;

B.  Medical expenses and loss of earnings;

C.  For punitive damages against the individual defendants in an amount to be proven at trial;

D.  For interest;

E.  For reasonable costs of the suit and attorneys' fees; and

F.  For such further and other relief as the Court may deem just, proper, and appropriate.

DATED: October 19, 2018                 RESPECTFULLY SUBMITTED,
                                        **LIPELES LAW GROUP, APC**


                                   By:    /s/ Thomas H. Schelly
                                          Thomas H. Schelly, Esq.
                                          Attorneys for Plaintiff,
                                          James Hudlow

- 12 -

SECOND AMENDED COMPLAINT

Exhibit A

Exhibit B

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| James Westin Hudlow<br>3663 Lorimer Lane<br>Encinitas, CA 92024 | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**09/10/2018** at 09:15:00 AM<br>Clerk of the Superior Court<br>By Rhonda Babers, Deputy Clerk |

TELEPHONE NO: (760) 334-1771     FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):* veggicrave@gmail.com
ATTORNEY FOR *(Name):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: PO Box 120128
CITY AND ZIP CODE: San Diego, CA 92112-9189
BRANCH NAME: Civil

PLAINTIFF: James Hudlow

DEFENDANT: County of San Diego
Deputy Anthony Mehalik-1124

☐ DOES 1 TO          Deputy Carlos Esquer-3756

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
☑ **AMENDED** *(Number):*
**Type** *(check all that apply):*
☐ **MOTOR VEHICLE**   ☑ **OTHER** *(specify):*
   ☐ Property Damage   ☐ Wrongful Death
   ☑ Personal Injury   ☑ Other Damages *(specify):* civil rights

**Jurisdiction** *(check all that apply):*
☐ **ACTION IS A LIMITED CIVIL CASE**
   Amount demanded   ☐ does not exceed $10,000
                     ☐ exceeds $10,000, but does not exceed $25,000
☑ **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**
☐ **ACTION IS RECLASSIFIED** by this amended complaint
   ☐ from limited to unlimited
   ☐ from unlimited to limited

CASE NUMBER:
37-2018~~-0000634~~-CU-PO-CTL
6324

1. **Plaintiff** *(name or names):*  James Westin Hudlow
   alleges causes of action against **defendant** *(name or names):*
   County of San Diego, Deputy Anthony Mehalik-1124, Deputy Carlos Esquer-3756
2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. Each plaintiff named above is a competent adult
   a. ☐ **except** plaintiff *(name):*
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe):*
      (3) ☐ a public entity *(describe):*
      (4) ☐ a minor   ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify):*
      (5) ☐ other *(specify):*
   b. ☐ **except** plaintiff *(name):*
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe):*
      (3) ☐ a public entity *(describe):*
      (4) ☐ a minor   ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify):*
      (5) ☐ other *(specify):*

☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

Exhibit B

PLD-PI-001

| SHORT TITLE: | CASE NUMBER:<br>37-2018-0000634-CU-PO-CTL<br>6324 |
|---|---|

4. ☐ Plaintiff *(name):*

is doing business under the fictitious name *(specify):*

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

a. ☑ **except** defendant *(name):*
   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity *(describe):*

   (4) ☑ a public entity *(describe):*
       County of San Diego
   (5) ☐ other *(specify):*

b. ☐ **except** defendant *(name):*
   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity *(describe):*

   (4) ☐ a public entity *(describe):*

   (5) ☐ other *(specify):*

c. ☐ **except** defendant *(name):*
   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity *(describe):*

   (4) ☐ a public entity *(describe):*

   (5) ☐ other *(specify):*

d. ☐ **except** defendant *(name):*
   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity *(describe):*

   (4) ☐ a public entity *(describe):*

   (5) ☐ other *(specify):*

☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☐ Doe defendants *(specify Doe numbers):* _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☐ Doe defendants *(specify Doe numbers):* _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
   a. ☑ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☑ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify):*

9. ☑ Plaintiff is required to comply with a claims statute, **and**
   a. ☐ has complied with applicable claims statutes, **or**
   b. ☐ is excused from complying because *(specify):*

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Exhibit B

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | 37-2018-~~0000634~~-CU-PO-CTL<br>6324 |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   a. ☐ Motor Vehicle
   b. ☐ General Negligence
   c. ☑ Intentional Tort
   d. ☐ Products Liability
   e. ☐ Premises Liability
   f. ☐ Other *(specify)*:

11. Plaintiff has suffered
   a. ☑ wage loss
   b. ☐ loss of use of property
   c. ☑ hospital and medical expenses
   d. ☑ general damage
   e. ☐ property damage
   f. ☑ loss of earning capacity
   g. ☐ other damage *(specify)*:

   Suffered loss of earning capacity, home, and other special and general damage.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☑ compensatory damages
      (2) ☑ punitive damages
   The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
      (1) ☐ according to proof
      (2) ☑ in the amount of: $ 2,875,000

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: 8/22/2018

James Hudlow
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]          **COMPLAINT—Personal Injury, Property**          Page 3 of 3
                                           **Damage, Wrongful Death**

Exhibit B

Exhibit C

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS:    330 W Broadway
MAILING ADDRESS:   330 W Broadway
CITY AND ZIP CODE:   San Diego, CA 92101-3827
BRANCH NAME:    Central
TELEPHONE NUMBER:  (619) 450-7075

RECEIVED
JUL 03 2018
NORTH COASTAL SHERIFF'S STATION

PLAINTIFF(S) / PETITIONER(S):   James Westin Hudlow

DEFENDANT(S) / RESPONDENT(S):  County of San Diego et.al.

HUDLOW VS COUNTY OF SAN DIEGO [IMAGED]

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER: 37-2018-00006324-CU-PO-CTL |
|---|---|

**CASE ASSIGNMENT**

Judge:  Richard E. L. Strauss              Department: C-75

**COMPLAINT/PETITION FILED: 02/06/2018**

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 10/26/2018 | 10:00 am | C-75 | Richard E. L. Strauss |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

Exhibit C

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:** County of San Diego
**(AVISO AL DEMANDADO):** Deputy Esquer, Carlos -3756
Deputy Mehalik, Anthony -1124

*#7 BUSINESS OFFICE &*
*CENTRAL DIVISION*

**2018 FEB -6 PM 1:13**

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
James W. Hodlow
James Westin Hodlow

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Superior Court of California
(El nombre y dirección de la corte es): Civil Division
330 W Broadway
PO Box 120124   San Diego CA 92112

**CASE NUMBER:**
**(Número del Caso):**
37-2018-00006324-CU-PO-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
650 2nd St.
Encinitas CA 92024
760 687 2654

DATE: 2/6/2018
(Fecha)

Clerk, by C_____ , Deputy
(Secretario) C Hines (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

☐ other (specify):
4. ☐ by personal delivery on (date):

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit C

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| James Hudlow<br>650 2nd St.<br>Encinitas CA 92024<br>TELEPHONE NO: (760) 697-2654   FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | FILED<br>CIVIL BUSINESS OFFICE<br>CENTRAL DIVISION<br><br>2018 FEB -6 PM 1:18<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: SUPERIOR COURT OF CALIFORNIA
Civil Division
MAILING ADDRESS: 330 W. Broadway
P.O. Box 120128
CITY AND ZIP CODE: San Diego, CA 92112-0128
BRANCH NAME:

PLAINTIFF: James Hudlow

DEFENDANT: County of San Diego
Deputy Anthony Mehalik-1124
☐ DOES 1 TO _____ Deputy Carlos Esquer-3756

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

☐ AMENDED *(Number):*

Type *(check all that apply):*
☐ MOTOR VEHICLE  ☑ OTHER *(specify):*
   ☐ Property Damage  ☐ Wrongful Death    PI & Civil Rights
   ☑ Personal Injury  ☑ Other Damages *(specify):*

Jurisdiction *(check all that apply):*
☐ ACTION IS A LIMITED CIVIL CASE
  Amount demanded  ☐ does not exceed $10,000
    ☐ exceeds $10,000, but does not exceed $25,000
☑ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint
   ☐ from limited to unlimited
   ☐ from unlimited to limited

| CASE NUMBER: |
|---|
| 37-2018-00006324-CU-PO-CTL |

1. Plaintiff *(name or names):* James Westin Hudlow
   alleges causes of action against defendant *(name or names):* County of San Diego, Deputy Esquer-3756
   1124- Deputy Mehalik, Capt. Seargant Ingram, Hudlow-106

2. This pleading, including attachments and exhibits, consists of the following number of pages:

3. Each plaintiff named above is a competent adult
   a. ☐ except plaintiff *(name):*
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe):*
      (3) ☐ a public entity *(describe):*
      (4) ☐ a minor  ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify):*
      (5) ☐ other *(specify):*
   b. ☐ except plaintiff *(name):*
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe):*
      (3) ☐ a public entity *(describe):*
      (4) ☐ a minor  ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify):*
      (5) ☐ other *(specify):*

☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property**
**Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

Exhibit C

**PLD-PI-001**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

4. ☐ Plaintiff (name):

is doing business under the fictitious name (specify):

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

  a. ☑ except defendant (name): County of San Diego    c. ☐ except defendant (name):
    (1) ☐ a business organization, form unknown     (1) ☐ a business organization, form unknown
    (2) ☐ a corporation     (2) ☐ a corporation
    (3) ☐ an unincorporated entity (describe):     (3) ☐ an unincorporated entity (describe):

    (4) ☑ a public entity (describe): County of     (4) ☐ a public entity (describe):
                    San Diego
    (5) ☐ other (specify):     (5) ☐ other (specify):

  b. ☐ except defendant (name):   d. ☐ except defendant (name):
    (1) ☐ a business organization, form unknown     (1) ☐ a business organization, form unknown
    (2) ☐ a corporation     (2) ☐ a corporation
    (3) ☐ an unincorporated entity (describe):     (3) ☐ an unincorporated entity (describe):

    (4) ☐ a public entity (describe):     (4) ☐ a public entity (describe):

    (5) ☐ other (specify):     (5) ☐ other (specify):

  ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.

  a. ☐ Doe defendants (specify Doe numbers): _____ were the agents or employees of other
        named defendants and acted within the scope of that agency or employment.

  b. ☐ Doe defendants (specify Doe numbers): _____ are persons whose capacities are unknown to
        plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because

  a. ☐ at least one defendant now resides in its jurisdictional area.
  b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
  c. ☑ injury to person or damage to personal property occurred in its jurisdictional area.
  d. ☐ other (specify):

9. ☑ Plaintiff is required to comply with a claims statute, and
  a. ☑ has complied with applicable claims statutes, or                           5J02E2-8 AM 1:12
  b. ☐ is excused from complying because (specify):

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

Exhibit C

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

10. The following causes of action are attached and the statements above apply to each (each complaint must have one or more causes of action attached):

a. ☐ Motor Vehicle
b. ☐ General Negligence
c. ☑ Intentional Tort
d. ☐ Products Liability
e. ☐ Premises Liability
f. ☐ Other (specify):

11. Plaintiff has suffered

a. ☒ wage loss
b. ☐ loss of use of property
c. ☒ hospital and medical expenses
d. ☑ general damage
e. ☐ property damage
f. ☐ loss of earning capacity
g. ☒ other damage (specify): *personal injury - torn rotator cuffs, pinched nerves in neck, nerve Damage, Mental.*

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are

a. ☐ listed in Attachment 12.
b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

a. (1) ☒ compensatory damages
(2) ☒ punitive damages
The amount of damages is (in cases for personal injury or wrongful death, you must check (1)):
(1) ☐ according to proof
(2) ☒ in the amount of: $ *2,875,000*

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows (specify paragraph numbers):

Date: *2/6/2018*

*James Hudlow*

(TYPE OR PRINT NAME)

▶

(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Page 3 of 3

Exhibit C



# Superior Court of California
## County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

**This case is eligible for eFiling.** Should you prefer to electronically file documents, refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed.  Original documents should not be filed with pleadings.  If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program").  As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file.  The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150.  The paper filing will be imaged and held for 30 days.  After that time it will be destroyed and recycled.  **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.**  Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

Page: 2

Exhibit C



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2018-00006324-CU-PO-CTL     CASE TITLE: Hudlow vs County of San Diego [IMAGED]

<u>**NOTICE:**</u> **All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
   (1) **this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
   (2) **the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359),** *and*
   (3) **the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>**Potential Advantages and Disadvantages of ADR**</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

<u>**Most Common Types of ADR**</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:**  A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:**  A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:**  A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute.  Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

Exhibit C                                                         1

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u> Go to the court's ADR webpage at <u>www.sdcourt.ca.gov/adr</u> and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule <u>2.2.1</u> for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10 et seq</u> or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at <u>www.sdcourt.ca.gov/adr</u> or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at <u>www.ncrconline.com</u> or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at <u>www.nclifeline.org</u> or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at <u>www.courtinfo.ca.gov/selfhelp/lowcost</u>.

Exhibit C

2

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

PLAINTIFF(S):   James Westin Hudlow

DEFENDANT(S): County of San Diego et.al.

SHORT TITLE:   HUDLOW VS COUNTY OF SAN DIEGO [IMAGED]

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2018-00006324-CU-PO-CTL |
|---|---|

Judge: Richard E. L. Strauss                          Department: C-75

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐   Mediation (court-connected)              ☐   Non-binding private arbitration

☐   Mediation (private)                          ☐   Binding private arbitration

☐   Voluntary settlement conference (private)    ☐   Non-binding judicial arbitration (discovery until 15 days before trial)

☐   Neutral evaluation (private)                 ☐   Non-binding judicial arbitration (discovery until 30 days before trial)

☐   Other *(specify e.g., private mini-trial, private judge, etc.):* _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

_____          _____
Name of Plaintiff                                    Name of Defendant

_____          _____
Signature                                          Signature

_____          _____
Name of Plaintiff's Attorney                         Name of Defendant's Attorney

_____          _____
Signature                                          Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 02/06/2018                                    _____
                                                    JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          Page: 1

Exhibit C

3

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| James W. Hudlow 650 2nd street Encinitas, CA 92024 Mail to: 4095 Lawson Ridge Dr apt # 214 Madison, AL 35757 TELEPHONE NO: (760) 697-2654 FAX NO. (Name): ATTORNEY FOR (Name): | FILED BUSINESS OFFICE & CENTRAL DIVISION 2018 FEB -6 PM 1:45 CLERK-SUPERIOR COURT SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

SUPERIOR COURT OF CALIFORNIA
Civil Division
330 W. Broadway
P.O. Box 120128
San Diego, CA 92112-0128

CASE NAME: Hudlow v County of San Diego

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 37-2018-00006324-CU-PO-CTL JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☑ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☑ Civil rights (08) N A
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☑ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties          d. ☐ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve          e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence          f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary     b. ☑ nonmonetary; declaratory or injunctive relief     c. ☑ punitive
4. Number of causes of action *(specify):*
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: 2/6/18

James Hudlow
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |

Exhibit C

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| JAMES W. HUDLOW<br>650 2ND STREET<br>ENCINITAS, CA 92029 | FILED<br>CIVIL BUSINESS OFFICE<br>CENTRAL DIVISION |
| TELEPHONE NO.: 760-697-2654   FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* IN PRO PER | 2018 JUL 16  AM 2: 19<br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. BROADWAY
MAILING ADDRESS: SAME
CITY AND ZIP CODE: SAN DIEGO, CA 92101
BRANCH NAME: CENTRAL DIVISION

| PLAINTIFF/PETITIONER: JAMES W. HUDLOW | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: COUNTY OF SAN DIEGO;DEPUTY CARLOS ESQUER-3756; DEPUTY ANTHONY MEHALIK-1124 | 37-2018-00006324-CU-PO-CTL |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [X] other *(specify documents):* NTC OF CASE ASSIGNMENT;NTC OF ELIGIBILITY TO EFILE AND ASSIGNMENT TO IMAGING DEPARTMENT

3. a. Party served *(specify name of party as shown on documents served):* DEPUTY ANTHONY MEHALIK-1124

   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   JOSIE MULCAHY, OFFICE ASSISTANT MANAGER

4. Address where the party was served: San Diego County Sheriff's Department North Coastal Station,175 N El Camino Real, Encinitas, CA 92024

5. I served the party *(check proper box)*
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 07/03/2018   (2) at *(time):* 10:16 AM
   b. [ ] **by substituted service.** On *(date):*   at *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*   from *(city):*   or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Legal<br>Solutions<br>& Plus | Code of Civil Procedure, § 417.10 |
|---|---|---|---|

Exhibit C

| PLAINTIFF/PETITIONER: JAMES W. HUDLOW | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: COUNTY OF SAN DIEGO;DEPUTY CARLOS ESQUER-3756; DEPUT | 37-2018-00006324-CU-PO-CTL |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*      (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☒ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☐ On behalf of *(specify):*

under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

a. Name: KENNETH E. BAYUS

b. Address: NORTH COUNTY PROCESS SERVICES,1901 CAMINO VIDA ROBLE,STE 205,CARLSBAD, CA 92008

c. Telephone number: 760-822-1024

d. The fee for service was: $ 50.00

e. I am:

(1) ☐ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☒ registered California process server:

    (i) ☒ owner    ☐ employee    ☒ independent contractor.

    (ii) Registration No.: 2299

    (iii) County: SAN DIEGO

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 07/06/2018

KENNETH E. BAYUS, CCPS
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _(signature)_
(SIGNATURE)

Exhibit C

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>JAMES W. HUDLOW<br>650 2ND STREET<br>ENCINITAS, CA 92029<br><br>TELEPHONE NO.: 760-697-2654   FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: IN PRO PER | FOR COURT USE ONLY<br>CIVIL BUSINESS OFFICE<br>CENTRAL DIVISION<br><br>2018 JUL 16 AM 2: 19<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. BROADWAY
MAILING ADDRESS: SAME
CITY AND ZIP CODE: SAN DIEGO, CA 92101
BRANCH NAME: CENTRAL DIVISION

| | |
|---|---|
| PLAINTIFF/PETITIONER: JAMES W. HUDLOW<br><br>DEFENDANT/RESPONDENT: COUNTY OF SAN DIEGO;DEPUTY CARLOS ESQUER-3756; DEPUTY ANTHONY MEHALIK-1124 | CASE NUMBER:<br>37-2018-00006324-CU-P-CTL |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [X] other *(specify documents):* NTC OF CASE ASSIGNMENT;NTC OF ELIGIBILITY TO EFILE AND ASSIGNMENT TO IMAGING DEPARTMENT

3. a. Party served *(specify name of party as shown on documents served):* DEPUTY CARLOS ESQUER-3756
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   JOSIE MULCAHY, OFFICE ASSISTANT MANAGER

4. Address where the party was served: San Diego County Sheriff's Department North Coastal Station,175 N El Camino Real, Encinitas, CA 92024

5. I served the party *(check proper box)*
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 07/03/2018   (2) at *(time):* 10:16 AM
   b. [ ] **by substituted service.** On *(date):*   at *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

   (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*   from *(city):*   or [ ] a declaration of mailing is attached.

   (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Exhibit C

| PLAINTIFF/PETITIONER: JAMES W. HUDLOW | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: COUNTY OF SAN DIEGO; DEPUTY CARLOS ESQUER-3756; DEPUT | 37-2018-00006324-CU-P-CTL |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date)*:        (2) from *(city)*:

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** *(specify means of service and authorizing code section)*:

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☒ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify)*:
   c. ☐ as occupant.
   d. ☐ On behalf of *(specify)*:
   under the following Code of Civil Procedure section:

   | | |
   |---|---|
   | ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
   | ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
   | ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
   | ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
   | ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
   | | ☐ other: |

7. **Person who served papers**
   a. Name: KENNETH E. BAYUS
   b. Address: NORTH COUNTY PROCESS SERVICES, 1901 CAMINO VIDA ROBLE, STE 205, CARLSBAD, CA 92008
   c. Telephone number: 760-822-1024
   d. The fee for service was: $ 25.00
   e. I am:
      (1) ☐ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☒ registered California process server:
         (i) ☒ owner  ☐ employee  ☒ independent contractor.
         (ii) Registration No.: 2299
         (iii) County: SAN DIEGO

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 07/06/2018

KENNETH E. BAYUS, CCPS
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____ (signature)

Exhibit C

Exhibit D

MC-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Kevin A. Lipeles (244275)<br>Lipeles Law Group APC<br>880 Apollo Street, Ste 336<br>El Segundo, CA 90245<br>TELEPHONE NO.: 310-322-2211   FAX NO. (Optional): 310-322-2252<br>E-MAIL ADDRESS (Optional): Kevin@kallaw.com; Andrew@kallaw.com<br>ATTORNEY FOR (Name): Plaintiff, James Hudlow | ~~FOR SIGNING SS OFFICE~~<br>~~SIGN SUPERIOR DIVISION~~<br><br>2018 OCT 12  A 11: 23<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W Broadway
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Central Division

CASE NAME:
Hudlow vs County of San Diego

| SUBSTITUTION OF ATTORNEY—CIVIL<br>(Without Court Order) | CASE NUMBER:<br>37-2018-0006324-CU-PO-CTL |
|---|---|

BY FAX

THE COURT AND ALL PARTIES ARE NOTIFIED THAT (name): James Hudlow   **makes the following substitution:**

1. **Former legal representative**  [✓] Party represented self  [ ] Attorney (name):
2. **New legal representative**  [ ] Party is representing self  [✓] Attorney
   a. Name: Thomas H. Schelly   b. State Bar No. (if applicable): 217285
   c. Address (number, street, city, ZIP, and law firm name, if applicable):
      Lipeles Law Group, APC. 880 Apollo Street, Ste 336
      El Segundo, CA 90245
   d. Telephone No. (include area code): 310-322-2211
3. The party making this substitution is a  [✓] plaintiff  [ ] defendant  [ ] petitioner  [ ] respondent  [ ] other (specify):

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- Guardian
- Conservator
- Trustee
- Personal Representative
- Probate fiduciary
- Corporation
- Guardian ad litem
- Unincorporated association

If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**
A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.

---

4. I consent to this substitution.
   Date: 10/3/2018
   James Hudlow
   _____
   (TYPE OR PRINT NAME)   ►   _____ (SIGNATURE OF PARTY)

5. [✓]  I consent to this substitution.
   Date: 10/3/2018
   James Hudlow
   _____
   (TYPE OR PRINT NAME)   ►   _____ (SIGNATURE OF FORMER ATTORNEY)

6. [✓]  I consent to this substitution.
   Date: 10/3/2018
   Thomas H.Schelly
   _____
   (TYPE OR PRINT NAME)   ►   _____ (SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail)   Page 1 of 2

| Form Adopted For Mandatory Use<br>Judicial Council of California<br>MC-050 [Rev. January 1, 2009] | **SUBSTITUTION OF ATTORNEY—CIVIL**<br>**(Without Court Order)** | Code of Civil Procedure, §§ 284(1), 285;<br>Cal. Rules of Court, rule 3.1362<br>www.courtinfo.ca.gov |
|---|---|---|

Exhibit D

MC–050

| CASE NAME: | CASE NUMBER: |
|---|---|
| Hudlow vs County of San Diego | 37-2018-00006324-CU-PO-CTL |

**PROOF OF SERVICE BY MAIL**
**Substitution of Attorney—Civil**

**Instructions:** *After having all parties served by mail with the Substitution of Attorney—Civil, have the person who mailed the document complete this Proof of Service by Mail. An <u>unsigned</u> copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney—Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this cause.** I am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify)*:

2. I served the Substitution of Attorney—Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

   (1 ) Date of mailing:                    (2) Place of mailing *(city and state)*:

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          _____
(TYPE OR PRINT NAME)                              (SIGNATURE)

**NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED**

4.  a. Name of person served:
    b. Address *(number, street, city, and ZIP)*:


    c. Name of person served:
    d. Address *(number, street, city, and ZIP)*:


    e. Name of person served:
    f. Address *(number, street, city, and ZIP)*:


    g. Name of person served:
    h. Address *(number, street, city, and ZIP)*:


    i. Name of person served:
    j. Address *(number, street, city, and ZIP)*:


    ☐   List of names and addresses continued in attachment.

MC-050 [Rev. January 1, 2009]          **SUBSTITUTION OF ATTORNEY—CIVIL**          Page 2 of 2
                                       **(Without Court Order)**

Exhibit D

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LIPELES LAW GROUP, APC**
880 Apollo St., Suite 336
El Segundo, CA 90245

## PROOF OF SERVICE

I certify and declare that I am over the age of 18 years and not a party to this action and that my place of employment is in the County of Los Angeles, State of California, located at 880 Apollo St., Suite 336, El Segundo, California 90245.

On this date hereon, I served a true copy of the following document(s):

### SUBSTTIUTION OF ATTORNEY-CIVIL

☐ by personally delivering it to the person(s) indicated below in the manner as provided by Rule of the California Rules of Civil Procedure;  ☐ by transmitting it via facsimile machine to a telephone number listed below and known or represented to me to be the receiving telephone number for the facsimile copy transmission of the parties/persons/firms listed below; ☐ by transmitting it via electronically to the electronic mail address listed below; ☐ by overnight delivery service to be delivered the next day to the parties/persons/firms listed below; ☒ by United States Mail – First Class Postage to the parties/persons/firms listed below:

| | |
|---|---|
| Melissa Holmes or Alexa Katz<br>Office of the County- Counsel - County of San Diego<br>1600 Pacific Highway, Room 355<br>San Diego, California 92101 | |

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on October 26, 2018 at El Segundo, California 90245.

_Kristine Melkyan_

PROOF OF SERVICE

1

Exhibit D

Exhibit E

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN DIEGO**
**CENTRAL**

**MINUTE ORDER**

DATE: 10/26/2018                    TIME: 10:00:00 AM          DEPT:  C-75

JUDICIAL OFFICER PRESIDING: Richard E. L. Strauss
CLERK:  Blanca Delgado, Ryan A Willis
REPORTER/ERM: Not Reported
BAILIFF/COURT ATTENDANT:  Paul Darvin

CASE NO: **37-2018-00006324-CU-PO-CTL**  CASE INIT.DATE: 02/06/2018
CASE TITLE: **Hudlow vs County of San Diego [IMAGED]**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: PI/PD/WD - Other

---

**EVENT TYPE**: Civil Case Management Conference

---

**APPEARANCES**
Andrew Magaline, counsel, present for Plaintiff(s) telephonically.
Alexa Katz, counsel, present for Defendant(s).
Roberto Ortiz, counsel, present for Defendant(s).

---

Defendant requests a continuance.  The Court grants defendant's request and continues the hearing to the date and time below.

Civil Case Management Conference is continued pursuant to party's motion to 01/04/2019 at 10:00AM before Judge Richard E. L. Strauss.

Parties waive notice.

---

Exhibit E



| | Calendar No.: 32 |
|---|---|
| **Superior Court of California County of San Diego** **SIGN-IN SHEET** | Court Use Only F I L E D Clerk of the Superior Court OCT 2 6 2018 By: R. Willis, Deputy |

**CASE:** 37-2018-00006324-CU-PO-CTL - Hudlow vs County of San Diego [IMAGED]

**EVENT TYPE:** Civil Case Management Conference     **EVENT DATE/TIME:** 10/26/2018 10:00 am

**ATTENTION FEE WAIVER RECIPIENTS:** IF YOU HAVE BEEN GRANTED A FEE WAIVER ON YOUR CASE, YOU ARE ELIGIBLE FOR THE SERVICES OF A COURT REPORTER AT NO COST TO YOU. PLEASE ADVISE THE COURT WHEN YOUR MATTER IS CALLED IF YOU WOULD LIKE TO HAVE A REPORTER PROVIDED.

**DEPARTMENT:** C-75     **JUDGE:** Richard E. L. Strauss

By signing below, it is stipulated by the parties and ordered as follows:

Any actions or dates stipulated and agreed to by the parties at the Case Management Conference will become an order of the Court. No procedure or deadline ordered pursuant to the stipulation of the parties may be modified, extended or avoided by stipulation or agreement of the parties unless approved by the Court in advance of the date sought to be altered.

**CASE DEEMED AT ISSUE AND PLACED ON THE CIVIL ACTIVE LIST.** If the case is deemed at issue and placed on the civil active list, pursuant to stipulation of the parties, no new parties may be added without leave of court, and all unserved, non-appearing and fictitiously named parties are dismissed.

**EXCHANGE OF EXPERTS.** The parties stipulate to dispense with the demand requirements of CCP 2034, and agree to exchange experts in accordance with San Diego Superior Court Rules, Div. II. (All other provisions of CCP 2034 apply).

| ATTORNEY/PARTICIPANT NAME | CLIENT NAME | SIGNATURE |
|---|---|---|
| County of San Diego | [DFN] | Alexa Katz – Spec'n Appearance |
| Esquer 3756, Deputy Carlos | [DFN] | |
| Mehalik 1124, Deputy Anthony | [DFN] | |
| SCHELLY, THOMAS H ANDREW T. MAGALINE | Hudlow, James Westin [PLN] | TGZE |
| County of San Diego | | PSC — Specially Appearing |
| | | |



 **County of San Diego** VCK

ALEXA F. KATZ
DEPUTY COUNTY COUNSEL

 **County of San Diego**

ROBERTO ORTIZ
SENIOR DEPUTY COUNTY COUNSEL

OFFICE OF COUNTY COUNSEL
1600 Pacific Highway, Room 355
San Diego, CA 92101-2469

alexa.katz@sdcounty.ca.gov
(619) 531-4874 Fax (619) 531-6005
Mail Stop: A-12

OFFICE OF COUNTY COUNSEL
1600 Pacific Highway, Room 355
San Diego, CA 92101

roberto.ortiz@sdcounty.ca.gov
Phone 619-531-5279 Fax 619-531-6005
Mail Stop: A-12

CS # : 30